U.S. COURTS

OCT 21 2025

Rcvd_____Filed_____Time_____
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

BART M. DAVIS, IDAHO STATE BAR NO. 2696
UNITED STATES ATTORNEY
KELSEY A. MANWEILER, IDAHO STATE BAR NO. 10604
SPECIAL ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
1290 W. MYRTLE ST. SUITE 500
BOISE, ID 83702-7788
TELEPHONE: (208) 334-1211

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>SAMUEL BEJARANO COLIN,<br>IVAN TELLEZ,<br>DAYANA FAJARDO,<br>CESAR INIGUEZ OROZCO, and<br>ALEJANDRO TORRES ESTRADA,<br><br>Defendants. | Case No. CR 25-0291-S-AKB<br><br>INDICTMENT<br><br>18 U.S.C. § 981(a)(1)(C)<br>18 U.S.C. § 1955<br>18 U.S.C. § 1084<br>28 U.S.C. § 2461 |

The Grand Jury charges:

### COUNT ONE
**Prohibition of Illegal Gambling Business**
**18 U.S.C. § 1955**

From on our about June 19, 2025, and continuously thereafter up to and including October 19, 2025, in the District of Idaho, the Defendants, SAMUEL BEJARANO COLIN, IVAN TELLEZ, DAYANA FAJARDO, CESAR INIGUEZ OROZCO, and ALEJANDRO TORRES ESTRADA, did conduct, finance, manage, supervise, direct and own all or part of an

INDICTMENT - 1

illegal gambling business, to wit: a gambling business involving parimutuel betting, which gambling business was a violation of the laws of the State of Idaho, to wit, Idaho Code Section 18-3802, and which involved five or more persons who conducted, financed, managed, supervised, directed and owned all or part of said illegal gambling business, and which had a gross revenue of at least $2,000.00 in any single day, in violation of Title 18, United States Code, Section 1955.

### COUNT TWO
### Transmission of Wagering Information
### 18 U.S.C. § 1084

On or between June 19, 2025 to October 19, 2025, in the District of Idaho, and elsewhere, the Defendants SAMUEL BEJARANO COLIN and IVAN TELLEZ, being engaged in the business of betting and wagering, did knowingly use a wire communication facility, for the transmission in interstate or foreign commerce, between the State of Idaho, State of Oregon, and State of Utah, of bets and wagers or of information assisting in the placing of bets and wagers on horse racing at La Catedral Arena, a sporting event and contest.

### CRIMINAL FORFEITURE ALLEGATION
### 18 U.S.C §§ 981(a)(1)(C) and 1955(d), and 28 U.S.C. § 2461

Upon conviction of the offenses alleged in Counts One or Two of this Indictment, the Defendants, SAMUEL BEJARANO COLIN, IVAN TELLEZ, DAYANA FAJARDO, CESAR INIGUEZ OROZCO, and ALEJANDRO TORRES ESTRADA, shall forfeit to the United States any and all property, real and personal, tangible and intangible, consisting of or derived from any proceeds the said Defendants obtained directly or indirectly as a result of the foregoing offense; and any and all property, real and personal, tangible and intangible, used or intended to be used,

**INDICTMENT - 2**

in any manner or part, to commit, or to facilitate the commission of, the foregoing offense. The property to be forfeited includes, but is not limited to, the following:

1. <u>Seized Personal Property.</u>

    a. U.S. currency $40,571.87.

2. <u>Unrecovered Cash Proceeds and/or Facilitating Property.</u> The Defendants obtained and controlled unrecovered proceeds of the offense of conviction, or property derived from or traceable to such proceeds, and property the Defendants used to facilitate the offense (if facilitation is alleged), but based upon actions of the Defendants, the property was transferred, diminished, comingled, or is otherwise unavailable.

3. <u>Real Property and Proceeds Thereof.</u> All interests in land and appurtenances more fully described below:

    a. Two parcels known as 27410 Peckham Road, Wilder, Idaho that include La Catedral Arena, legally defined as Sec/Twn/Rng/Mer: SEC 16 TWN 04N RNG 05W Brief Description: 16-4N-5W SE TX 05157 IN SWSE LS TX 18257.

4. <u>Substitute Assets.</u> Pursuant to 21 U.S.C. § 853(p) and other applicable statutes, the government will seek forfeiture of substitute assets, "or any other property of the Defendant" up to the value of the Defendant's assets subject to forfeiture. The government will do so when the property subject to forfeiture cannot be forfeited for one or more of the following reasons:

    a. Cannot be located upon the exercise of due diligence;

    b. Has been transferred or sold to, or deposited with, a third person;

**INDICTMENT - 3**

    c. Has been placed beyond the jurisdiction of the court;

    d. Has been substantially diminished in value; or

    e. Has been commingled with other property which cannot be subdivided without difficulty.

Dated this 21st day of October 2025.

                                                   A TRUE BILL

                                                   */s/ [signature on reverse]*

                                                   FOREPERSON

BART M. DAVIS  
UNITED STATES ATTORNEY  
By:

*[signature]*

KELSEY A. MANWEILER  
SPECIAL ASSISTANT UNITED STATES ATTORNEY

**INDICTMENT** - 4